Good morning. May it please the Court, I'm James Laughlin and I represent the appellant DeMond Camper. With the Court's permission, I'd like to reserve two minutes of my time for rebuttal. On an LAX security badge application, Mr. Camper said that he had never been convicted of unlawful possession, use, sale, distribution or manufacture of an explosive or weapon. This statement was true. Mr. Camper had previously suffered a misdemeanor conviction for unlawfully carrying a firearm, but the security badge application never asked about such an offense. Counsel, as a logical matter, how is it possible to carry a loaded firearm without at the same time possessing it? I don't think it is possible, Your Honor, but there's a difference between unlawful possession and unlawful possession. The necessary element of the crime of conviction was possession of the firearm. Logically. Logically, that carrying includes possession, but that does not mean that unlawful carrying includes unlawful possession. And we learned that by just looking at Penal Code Section 12,031. And under the plain language of that statute, somebody can lawfully possess a gun and at the same time unlawfully carry it. So the statute under which Mr. Camper was convicted itself recognizes a difference between unlawful carrying and unlawful possessing. But there are different kinds of possession. It may be that a gun has been lent to this particular person. It's still unlawful to carry it. And in order to carry it, you have to possess it. I think that's the import of the question. Well, Your Honor, I think that that ignores the specific language in the statute under which Mr. Camper was convicted. I think that nobody can argue that as a matter of logic, you can't carry a gun without possessing it. The question in this case is not whether Mr. Camper ever possessed a gun. It's whether he was convicted of unlawfully possessing the gun. He was convicted of unlawfully carrying it. And you've conceded that carrying incorporates the concept of possession, of necessity, because I can't be carrying something that is not in my possession. That's true, Your Honor. But possession – Your Honor mentioned before that possession is therefore necessarily an element of the offense. It's not. If you look at the jury instructions which we cite in the brief for the specific code section under which Mr. Camper was convicted, possession isn't listed. Well, carrying is, though. He must be – he cannot be guilty without carrying the loaded firearm on his person or in a vehicle, right? True. So that's one of the elements to be proved. True. But the California – excuse me. I'm sorry. Go ahead. I'm sorry. The California legislature, though, was presumably aware of that same thing, and yet they chose to distinguish in this statute between certain offenses which require unlawful possession, certain offenses which do not require unlawful possession. Is there a difference between carrying a weapon manually in the person's hands and carrying a weapon in a vehicle? I don't think for the purposes of this statute there is, because I believe that the section under which Mr. Camper was convicted, someone can be convicted for unlawful carrying if they have it on the seat next to them in their car, for example. But whether it's in somebody's hand or whether it's on the seat next to them, the key fact, I think, is that somebody can lawfully possess the weapon at the same time they're lawfully carrying it. And I think that it's also significant that the Fourth Circuit in U.S. v. Goode reached – addressed a similar kind of situation. But isn't this case distinguishable? Because in this case, your client admitted that he thought he was lying at the time he made out his application. And that would distinguish this from both Goode and Beyer as far as I'm – am I incorrect in that? I think you are incorrect, Your Honor. I believe you are correct that I don't believe in Goode or Beyer that there was any indication that the defendants thought that they were lying. But I don't think it's distinguishable on that basis because both the argument we make in this case and the issue addressed in Goode and Beyer deal with the falsity element of 1001. And the defendant's intent has nothing to do with that element. He very well may have thought that he was being deceitful. And therefore, if the case had gone to trial, the government could have probably proven that element or they may have been able to prove that element. But that's a completely separate element from whether the statement itself is literally true. Doesn't it demonstrate the – how a reasonable person might interpret the question, however? If he looked at that question, knew what he'd been convicted of, and said, hmm, well, I have been, but I think I'll answer no anyway. Doesn't that do something to the reasonableness of your contrary interpretation? No, I don't think it does, Your Honor, for two reasons. One, I don't think that Mr. Camper should be – that his views on this subject are entitled to so much weight. And also, I think the facts on the record, while it's clear on the record that part of the stipulated facts trial was that he thought that he was lying, keep in mind that this conviction arose out of the Operation Tarmac prosecutions where the government went in, arrested a lot of people, questioned them. I don't know what the details of the interrogation of Mr. Camper were, but I don't think that we can put too much stock in his ultimate statement that I was – I knew I was lying. But you've just said it's in the record, so how can we put stock in that, about what his interrogation might have been and all that? Your Honor, I don't think you should put stock in that. Like, by the same token, I think you should just disregard that statement entirely, regarding his intent, because his intent isn't relevant to the purely legal matter of whether his statement was true or false. Everything is taken in context. And you look to the Aviation Security Improvements Act and isn't carrying a loaded weapon, much more dangerous type of crime than simple possession. And he is applying for an airport security position. If you look at the purpose of the act, it's hard for me to see why it isn't important that he knew he was lying, as opposed to, quote, the literal interpretation of the statute. Well, Your Honor, first of all, as I've emphasized in the briefs, I don't think the Court should ever reach the issue of congressional intent. And that is certainly a circumstance where the Four Circuit's decision in good is not distinguishable. They recognize, and I think properly, that when you're talking about a 1001 false statement prosecution, the issue is the question that's on the application. They said that you should not go behind the question to look at the intent of Congress enacting the statute. In fact, in that case, they said that good's conviction probably was encompassed by the language of the statute. But because the question on the application wasn't as broad, that the government still cannot maintain a 1001 prosecution. Did the form that your client signed have the same language that the form that was involved in good? Because I'm not sure that it did. Well, in good, a different question was at issue. With regard to bear, the language at issue is exactly the same. The unlawful possession, use, sale, distribution or manufacture of an explosive or weapon. Well, the good decision particularly referred to the language in the form. I am not seeing it here, but it was part of their reasoning. And I I looked at the form in this case and I wasn't sure that that the phrase was that the first phrase that introduced the list was the same language. And I thought it was more restrictive in good than in this case. Now, am I in error? OK, I think I understand your question. Your Honor, you're talking about the the preliminary phrase within the past 10 years. Have you been convicted or found not guilty by reason, reason or insanity of that part of the question? That's your. I'll admit I didn't compare that clause with the language. We'll look at it. But I have a question about. But now isn't good an entirely different factual situation than we have here. I mean, it talked about acts of dishonesty and so on. And then embezzlement. And it said embezzlement didn't meet that that definition. And isn't that totally different from what we have here? I don't think so, Your Honor, because I think that the government was certainly making this exactly the same arguments they're making here. They're saying they were saying that, well, clearly acts of dishonesty include embezzlement. They may not use the exact words embezzlement, but by any justice, Your Honor said carrying necessarily includes possession. The government said, well, obviously embezzlement involves dishonesty is an act of dishonesty. That certainly is my thought. Right. There's an aspect of dishonesty to an embezzlement. But then embezzlement gets into specific factual elements. And that's one of them. And there are, I think, probably others also. Yes, Your Honor. And so I think that the broad picture of good is that. And I think I can't remember if good itself relies on on Braunston or or cases that which which cite Braunston. But Braunston and his progeny talk about connection with perjury prosecutions and false statements prosecutions. The burden being put on the questioner to ask specific questions that go to the heart of what they want to know. And the person answering the question cannot be penalized for somebody asking an imprecise question. And here, I think, if in fact, and as I as I mentioned in the reply brief, I don't think the government can establish that Congress actually intended in 44, 936 to include carrying as well as possession. But even if they did. Your time has expired by some. Very well, Your Honor. Then I'll conclude unless the court has any further questions. I will give you some rebuttal time as well, because we did take up quite a bit of your time. Thank you. Thank you. Thank you, Your Honor. May it please the court. My name is Peggy Ryan. I'm here for the United States. The question before the court today is one of statutory construction. And as Judge Nelson, excuse me, Castle, why is that true? He's being prosecuted for answering a question falsely. And why aren't we looking at the question and whether his answer was false? When you look at the plain language of the questions, it involves unlawful possession of a weapon. The plain language here clearly incorporates the carrying of a loaded firearm. The defendant, throughout his briefs and his oral argument, retreats to a California legal definition in order to avoid that result. I don't want to be characterizing anything, but under the law of most jurisdictions, there are separate crimes involving carrying and possession. And those two terms are not used interchangeably, even though one may subsume the other as a literal activity. In view of the fact that in most jurisdictions, including California, possession and carrying are two different things, why should we interpret the question as including carrying when a lot of other things are listed but not that? Your Honor, if the court is concerned that the form has some level of ambiguity, then this becomes a case of fundamental ambiguity as set forth in Cooleyton and McKenna. And in that case, the key focus, the inquiry, is the intent of the responder, what he believed the question intended. And it's clear in this case, he understood the question the same way the government did, the same way Congress intended. And he intended to lie. And specifically, the record states, he intended to lie because he believed if he told the truth, he would not get hired. And that is why, even if there is some level of ambiguity in this case, the defendant does not prevail because his intent was to lie. But we believe it is one of statutory interpretation because, as the defendant argues over and over again, the issue before the court is whether, as a matter of law, unlawful possession incorporates carrying a loaded firearm in violation of the law. And when you have... Well, then I have the question, is there a difference between carrying a firearm in one's hands and carrying a firearm in a vehicle? The United States Supreme Court has decided there is not. In Muscarello, it decided that carrying involves both on one's person and in one's vehicle. So I believe that is responsive to your question. And going back to your question earlier, Judge Gibson, it is true that the form language in Goode is not the same as the form in this question. In fact, the Goode court specifically criticized that form for not mirroring the statute and the FAA regulations, whereas the form in this case does. And perhaps that's why the Goode court did not take the time to go through a statutory construction analysis and did not apply the Supreme Court precedent in Taylor, Caron, and Nardello. Because if it had done that and tried to apply congressional intent, clearly embezzlement is involving dishonesty and they would have come to a different conclusion. I still don't understand why congressional intent has anything to do with anything. Because suppose in putting the form together, they had left out this question entirely. Now, we know that Congress wanted to know a lot about firearms. But if they simply forgot to ask the question, we would never get there. And I don't understand why once they do remember to ask about it, but if they happen not to ask about it as fully as Congress would have wished, why we're looking at Congress and not at the question. Your Honor, if there were no question, clearly there could be no false statement. So in that case, the court is entirely correct. Also, if the question were so fundamentally flawed, we would go back to the fundamental ambiguity analysis and the defendant's intent would control. Whereas in this case, the question on the form mirrors the congressional language and the defendant is arguing that as a matter of law, it does not include the defendant's intent. If Congress is muddled and it says something that nobody can understand and somebody puts it on a form word for word, don't we still end up with ambiguity? Your Honor, again, that goes back to the fundamental ambiguity test where the Ninth Circuit has twice stated just last year that where the questioner and the respondent understand the question in the same matter, the fact that some other third party might come up with an alternate interpretation does not undermine the false statement. I don't disagree with you at all in your statement of what the law is, but what you just recited has nothing to do with congressional intent. It has to do with the intent of the drafter of the form and the responder to the form. Correct. Your Honor, I think this case presents itself in two separate analogies. First, if we only look to the plain language of the form, we are looking at the context of the form, the language on the form, and the respondent's intent in answering the question. And in that case, because the plain language clearly is understandable and was understandable to this respondent, there is no ambiguity that is recognizable in a legal manner. If, however, as a matter of law, the defendant's argument is because these two crimes are not synonymous as a matter of law, then we have to look to defining what unlawful possession means. And the Supreme Court has stated three times the manner in which you do that is, in fact, to look to congressional intent. So if the definition is clear on its face in a plain English reading They don't do that in the context of a false statement case, though, do they? No. The three cases I have cited, Your Honor, were not false statement cases. However, those statements do fall under the two fundamental ambiguity question cases, McKenna and Coulton. One was for perjury, the other was for a false statement, where they said specifically that some ambiguity does not undermine a false statement conviction. So I think that's where you do tie the congressional intent in with the false statement conviction record in the Ninth Circuit. So when defining it in the first instance, it is appropriate. If there is a discrepancy of a legal analysis as to what unlawful possession means, it is appropriate to look to congressional intent. Well, one thing that's troublesome to me in this case is that we have the form, and we have the guilty plea in the California state proceeding, which gives statutory numbers and so on, but then has the handwritten statement on 415 in wherever I willfully and unlawfully possessed a loaded firearm in a car was not registered to me. And then we get the plea stipulation, and there are many... I mean, it isn't that simple. The language in several of the statements really is not particularly consistent with what's in the form and so on. I think, if I understand the Court's question correctly, this case seems to prove as a factual matter that he did, in fact, unlawfully possess the weapon even under California statute. However, in an attempt to strike a plea bargain, his felony was dropped down to a misdemeanor, which only required that he not be the registered owner. But the facts in the case bore out unlawful possession. So that's the government's alternate argument that this Court may take judicial notice of court documents below and recognize that he did, in fact, unlawfully possess it, which also goes to his common-sense analysis of the question on the form that his crime was included within the meaning of that form. And he did, in fact, falsely answer the question. Now... I was concerned with your brief. I thought, to a great extent, you were arguing that this man should not have been hired to do the kind of work he was applying for. And, you know, that's not the issue before us. And I could agree with you on that, but then I'm not sure that answers the question before us, really. Your Honor, my brief was responsive to the appellate's opening argument. And his opening brief states specifically on page 5 that the issue before the Court is, in fact, one of statutory construction. So my brief does address his statutory construction question. He specifically tells the Court that the interpretation, or, excuse me, the level of review for construction or interpretation of a statute is de nouveau. So he frames the question as statutory interpretation. The government responded, apparently conceding that when one does a proper statutory construction analysis in this case, his client loses, he changed and shifted his argument to one of a plain language looking at the face of the form only. But again, in doing that, he still attempts to hide behind the California definition of lawful, which a plain English reading of unlawful possession does not incorporate. He cannot at one time ask you to look at the plain language of the form but also ask you to refer back to California state law. At that point, he's against... I don't see why that's inconsistent. If somebody is asked, have you ever been convicted of statutory rape? In order to know whether that's true or false, you'd have to think about the jurisdiction in which your conviction occurred. And in one state it might be age 12 and in one state it might be age 16. And so the answer depends on the jurisdiction that convicted you and whether you should answer yes or no. If that was the question in the mind of the answer at the time he answered the question, it's absolutely relevant to the inquiry. In this case, however, there is no evidence. In fact, the evidence is to the contrary that the defendant went through the analysis of thinking, well, I was charged with unlawful possession but I pled down so I wasn't actually convicted of that. In this case, he thought he was lying. Now, if he went through the analysis of trying to figure out if the statute under which he was convicted falls within the question, then that would be a question of fact for the jury to find. As the court, the Ninth Circuit and Culleton stated that some level of ambiguity can still be borne out and the question of whether or not the answerer and the questioner had the same interpretation in mind is for the fact finder. Similarly, if the judge found that the ambiguity didn't rise to the level of fundamental ambiguity but still was consistent enough with an innocent explanation and the defendant had an innocent explanation such as, Your Honor, when I read this, I thought my conviction didn't count and therefore I answered it this way. Culleton said the district court can dismiss it based on an innocent explanation of the answer. Those facts are not present in this case. So the legal analysis used in this case is one of statutory interpretation, not one of the questioner's form, which I think is what we can consider and only what we consider if we're looking at the plain language of the form. Thank you, Counselor. Your time has expired. Thank you. We'll give you a couple of minutes for rebuttal if you'd like since we used a lot of your time ourselves. Thank you, Your Honor. I'd just like to make two points. First, as I hope the court is already aware, I did not shift positions between the opening brief and reply brief. In the opening brief, I said that the issue is one of statutory construction and I believe it is. And I clearly indicated the issue is the construction of Penal Code Section 12031. The question of whether a conviction under that statute, specifically the subsections of the statute that Mr. Camper was convicted of, whether that constitutes a conviction for unlawful possession. So I wanted to clarify that point. Second, during the argument earlier, we had a lot of opportunity to discuss good. We didn't have much of an opportunity to discuss bare, the case that was recently affirmed by the Fourth Circuit. And I would just ask the court to look closely at that case because there, the facts are exactly the same, nearly the same as they are here. One exception. The defendant in that case did not say, I knew I was lying. Correct, Your Honor. There's nothing to indicate that he did. I don't know if there's anything to indicate that he didn't. Can that distinguish that case from this case? No, Your Honor. And I would ask you to look closely at Braunston and the cases that come under it. The issues of literal truth and intent to deceive, those elements are completely separate. And I think it would be very improper for the court to look to Mr. Camper's intent when it's analyzing the legal issue of whether or not what he said was literally true. Thank you, counsel. Thank you very much. We appreciate the arguments of both parties. And the case just argued is submitted. We'll turn to our final case on this calendar, United States v. DeGeorge. Thank you.
judges: D.W. Nelson, Gibson, Graber